IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-50670
Summary Calendar

RAYMOND H. RYAN,

Plaintiff–Appellant,

v.

KELMAR & ASSOCIATES, INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-723

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raymond Ryan brought suit against Tinker Air Force Base, Air Force employees, and Kelmar & Associates, Inc. (Kelmar), a private investigation firm hired by the Air Force, claiming, among other things, that the Air Force and Kelmar violated his Fourth Amendment rights by performing surveillance of him at his home. Ryan appeals the district court's grant of summary judgment in favor of Kelmar. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Ryan worked for the Department of the Air Force in San Antonio, Texas as an aerospace engineer. After Ryan's supervisors ordered him to transfer to Tinker Air Force Base (Tinker) in Oklahoma, Ryan informed the Department that he was suffering from back problems that limited his ability to travel and work. He requested that his relocation to Tinker be delayed because of this medical condition.

As proof of his back problems, Ryan produced notes from two physical therapists and a letter from a physician stating that it was inadvisable for him to sit in a vehicle for longer than thirty minutes at a time. He also produced documentation suggesting that he suffered from restrictions to his physical capacities, including limitations on his ability to lift, climb, twist, and pull. However, Ryan's supervisors became suspicious of Ryan's claim of disability after coworkers allegedly witnessed him lifting heavy boxes into his pickup truck.

After consulting with Judge Advocate General attorneys, Ryan's supervisors hired Kelmar to perform video surveillance of Ryan. Kelmar employee Rusty Carr performed the surveillance from the public road in front of Ryan's home and from a church parking lot across the street from Ryan's home using a video camera with a 20x zoom magnification. Carr filmed Ryan engaging in outdoor activities, including working on his tractor. According to Carr, the activities "could be seen by passers-by driving on the public road running in front of Mr. Ryan's residence."

Ryan brought suit against Kelmar under 21 U.S.C. § 1983, alleging violations of his Fourth Amendment right against unreasonable search and seizure. Ryan also brought suit against Tinker and Air Force employees, alleging other wrongful acts in addition to the surveillance. The district court dismissed the claims against the individual Air Force employees for lack of

personal jurisdiction and dismissed the claims against Tinker for failure to state a claim. Ryan does not appeal either of those dismissals.

Kelmar filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and attached affidavits from its employees. Ryan then moved to compel discovery from Kelmar, alleging that Kelmar was withholding materials damaging to its case. The district court converted the 12(b)(6) motion to a motion for summary judgment pursuant to Rule 12(d) and considered evidence outside of the pleadings, including the affidavits attached by Kelmar and a copy of the surveillance video taken by Carr. The district court granted summary judgment to Kelmar, holding that Ryan had neither a subjective nor an objective expectation of privacy in his activities outside his home. Ryan appeals the district court's holding, arguing that he had a reasonable expectation of privacy and that the district court failed to give him enough time to develop his case through discovery before granting summary judgment. Ryan does not, however, challenge the district court's decision to convert the 12(b)(6) motion into a summary judgment motion, nor does he assert that he was not given proper notice of such a conversion.

II

The Fourth Amendment protects against unreasonable government searches. In our Fourth Amendment analysis, the relevant question is whether the person subject to the search had a "constitutionally protected reasonable expectation of privacy."[1] A search does not violate the Fourth Amendment unless "the individual manifested a subjective expectation of privacy in the object of the challenged search," and "society [is] willing to recognize that expectation as reasonable."[2]

---

[1] California v. Ciraolo, 476 U.S. 207, 211 (1986) (quoting Katz v. United States, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)).

[2] Id.

Ryan argues that he had a reasonable expectation of privacy because the curtilage of his residence was bordered by several buildings, large trees, an electric fence, and parked vehicles arranged to obstruct the view of the home. Though these obstacles might have blocked the view of some parts of Ryan's property, the activities Carr videotaped all took place in areas in plain sight of a public road. Ryan had no reasonable expectation of privacy in such activities.

Ryan argues that the use of a video camera with a 20x zoom was unreasonably intrusive. Though the use of "highly sophisticated surveillance equipment not generally available to the public, such as satellite technology, might be constitutionally proscribed absent a warrant," the use of readily available, consumer-grade zoom technology does not violate the Fourth Amendment.[3] Thus, Ryan has failed to provide any evidence that Kelmar engaged in any surveillance that violated his reasonable expectation of privacy.

### III

Ryan further contends that the district court failed to give him enough time to develop his case through discovery. "[C]ontrol of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable."[4] Though generally "a ruling that denies a party an adequate opportunity to discover facts to oppose a motion for summary judgment is unreasonable if summary judgment is subsequently entered against that party," discovery "may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment."[5]

---

[3] Dow Chemical Co. v. United States, 476 U.S. 227, 238 (1986).

[4] Williamson v. U.S. Dep't of Agriculture, 815 F.2d 368, 382 (5th Cir. 1987).

[5] Id. (quoting Paul Kadair, Inc. v. Sony Corp. of Am., 694 F.2d 1017, 1029-30 (5th Cir. 1983)).

Ryan was permitted by the court to engage in some discovery. He served interrogatories on Kelmar and made requests for production, and Kelmar responded to both. Ryan's motion to compel discovery claimed that Kelmar was intentionally withholding evidence that would be damaging to its case. Among the items Ryan asked the court to order Kelmar to provide were: (1) an unedited copy of the recording taken by Carr, (2) the name and contact information of one of the investigators whose initials were listed on the Kelmar report from the case, (3) a copy of the contract between the Air Force and Kelmar, (4) information about the licenses of certain Kelmar investigators, (5) correspondence between Kelmar and the Air Force, and (6) a copy of instructional materials used by Kelmar.

Of these materials, only the unedited copy of the recording could have provided evidence relevant to whether Kelmar violated Ryan's Fourth Amendment rights. Ryan asserts that the video provided to him and to the court was an edited copy, but the only evidence supporting this claim is his observation that the video includes several cuts in it and that the time stamps on two of the clips are out of order. An affidavit from Kelmar's president Kelly Riddle asserts that "[t]here was no editing or splicing of the video at any time" and that "[a]ny breaks in the video were a result of the video camera being turned on and off during the course of the surveillance." Even if the video was edited, Ryan has provided no evidence indicating that the unedited video would contain evidence supporting his Fourth Amendment claim, given Carr's affidavit stating that he only videotaped activities that were observable from the public road. Ryan has failed to demonstrate that further discovery would have produced the facts he needed to withstand summary judgment. Thus, the district court's handling of the discovery matters was not arbitrary or clearly unreasonable.

*     *     *

5

AFFIRMED.